# EXHIBIT A

Bruce M. Franson (10792)
**FLICKINGER SUTTERFIELD & BOULTON**
9289 S. Redwood Rd., Ste. A
West Jordan, UT 84088
Telephone: (801) 370-0505
Facsimile: (801) 343-0954
bruce@fsutah.com
*Attorneys for Plaintiff*

## IN THE THIRD JUDICIAL DISTRICT COURT

## IN AND FOR SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| EUGENE EASLEY, an individual, | |
| Plaintiff, | **COMPLAINT** |
| v. | |
| WALMART, Inc. a Delaware corporation, | **Tier III** |
| Defendant. | Case No. 210900168<br>Judge: Koch |

Plaintiff alleges:

**PARTIES, JURISDICTION, AND VENUE**

1. At all times material herein, Plaintiff Eugene Easley, was an individual residing in Salt Lake City, Salt Lake County, State of Utah.

2. At all times material herein, Defendant Walmart, Inc., was a Delaware corporation operating in Salt Lake City, Salt Lake County, State of Utah.

3. The accident complained of occurred in Salt Lake City, Salt Lake County, State of Utah.

4. This Court has jurisdiction over the parties to and subject matter of this action and venue is properly laid in the Court listed above.

**GENERAL ALLEGATIONS**

5. On December 7, 2017, Plaintiff Eugene Easley (hereinafter "Plaintiff") was traveling southbound on 500 West at approximately 300 North in Provo, Utah.

6. Plaintiff was shopping at Walmart, Inc. and went into the bathroom.

7. Stall 1 was closed for service but had no tape or warning signs indicating it was being serviced.

8. There was water flowing out from under the door, so Plaintiff opted to try Stall 2 first.

9. Plaintiff was about to enter Stall 2 when he saw another patron inside.

10. The door to Stall 2 was broken and couldn't be locked or properly closed.

11. Plaintiff stopped himself from going into Stall 2 when he realized it was occupied, but in the process of immediately stopping, he slipped on the water flowing out of Stall 1.

12. Plaintiff grabbed the door to Stall 2 to prevent his fall, but since it was broken it only yanked on his arm then collapsed anyway.

13. Plaintiff fell, landing on his back on the floor in the puddle of water flowing out from Stall 1.

14. Plaintiff called for help but received none for some time.

15. There was another person in the bathroom who appeared to either be a security guard or law enforcement, but he did not stop or participate in any manner.

16. Plaintiff was forced to pull himself from the floor with both his back and shoulder hurting.

17. Plaintiff tried to report the incident to Defendant's employees, but made little progress.

18. Plaintiff returned to that Walmart, Inc. location on December 8, 2017 to take

pictures, but found that the stall was taped up with a notice that it was closed.

19. As a direct result of this incident, Plaintiff suffered several injuries which required medical treatment.

20. Defendant owed a duty to Plaintiff to keep it's restrooms safe and functional.

21. Defendant was negligent in their duty as described herein above.

22. Defendant also owed a duty to Plaintiff to try and assist and mitigate any injuries Plaintiff suffered, they were also negligent in this duty.

23. As a direct and proximate result of Defendant's negligence, Plaintiff suffered serious injuries and incurred medical expenses of more than $145,141.54, relative to his care and treatment, for which he is entitled to recover from Defendant in this proceeding.

24. As a further result of Defendant's negligence, Plaintiff incurred travel expenses in driving to and from medical appointments, for which damages he is entitled to recover from Defendant.

25. As a direct and proximate result of Defendant's negligence, Plaintiff suffered personal injuries, including but not limited to:

    a. Unspecified injury of the lower back,

    b. Bicipital tendinitis,

    c. Hypertension,

    d. Low back pain,

    e. Unspecified injury of the right shoulder rotator cuff muscles and tendons,

    f. Unspecified injury of the right shoulder and upper arm,

    g. Intervertebral disc degeneration,

    h. Inflammatory spondylopathies,

    i. Pain in right shoulder,

    j. Coccydynia,

    k. Spinal stenosis,

    l. Abnormalities of gait and mobility,

    m. Pain in legs,

    n. Generalized muscle weakness,

    o. Ocular pain,

    p. Peripheral autonomic neuropathy,

    q. Primary osteoarthritis, Calcific tenitis, and Rotator cuff tear of the right shoulder,

    r. Arthrodesis,

    s. Cervical disc disorder at C5-C6 with radiculopathy,

    t. Cervical disc disorder at C6-C7 with radiculopathy,

    u. Osseous and subluxation stenosis of intervertebral foramina of upper extremity,

    v. Degenerative spondylolisthesis with stenosis, and

    w. Grade 1 anterolistesis at L4-L5 level.

26. In addition to his physical injuries, Plaintiff suffered conscious pain and suffering, loss of enjoyment of life, and emotional distress, for which he is entitled to recover non-economic damages from Defendant in this proceeding, in an unspecified amount to be determined at trial.

27. Plaintiff may also incur other additional medical expenses in connection with future treatment for injuries he suffered in this accident, which should be recovered from Defendant.

28. Plaintiff is entitled to interest on damages, court costs, and other relief as may be deemed proper.

29. Plaintiff asserts that his damages qualify under Tier III of Rule 26(c)(3) of the Utah Rules of Civil Procedure.

WHEREFORE, Plaintiff requests a judgment against Defendant for economic damages, non-economic damages, interest on damages, court costs, and any other relief deemed proper by the court.

SIGNED on January 11, 2021.

**FLICKINGER SUTTERFIELD & BOULTON**

/s/ *Bruce M. Franson*
Bruce M. Franson
*Attorneys for Plaintiff*