THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| **EUGENE EASLEY,** an individual,<br><br>Plaintiff,<br><br>v.<br><br>**WALMART, INC.,** a Delaware corporation,<br><br>Defendant. | **REPORT AND RECOMMENDATION**<br><br>Case No. 2:21-cv-00161-HCN-JCB<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Jared C. Bennett |

District Judge Howard C. Nielson, Jr. referred this case to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B).[1] Before the court is Defendant Walmart, Inc.'s ("Walmart") motion for summary judgment.[2] Under DUCivR 7-1(g), the court concludes that oral argument is not necessary and, therefore, decides the motion on the written memoranda. Based on the analysis set forth below, the court recommends granting Walmart's motion for summary judgment and dismissing this action with prejudice.

**UNDISPUTED FACTS**

This case arises due to Plaintiff Eugene Easley's ("Mr. Easley") allegation that he slipped and fell on water in the Walmart store restroom in Salt Lake City, Utah, on December 7, 2017.[3]

---

[1] ECF No. 25.

[2] ECF No. 28.

[3] ECF No. 2-1 at ¶¶ 3, 6, 13.

On December 7, 2017, Mr. Easley entered the Walmart bathroom,[4] encountered standing water on the floor of the Walmart bathroom,[5] slipped, then fell on the bathroom floor because of the water.[6] This fall allegedly injured Mr. Easily or exacerbated his previous injuries.[7] On January 12, 2021, Mr. Easley filed this action in the Third District Court against Walmart, asserting a negligence claim under Utah law.[8] On March 16, 2021, Walmart removed Mr. Easley's action to this court.[9]

On December 16, 2022, Walmart filed the instant motion for summary judgment.[10] Walmart claims that it is entitled to judgment as a matter of law on two grounds. First, Mr. Easley has not provided sufficient evidence to satisfy the necessary notice requirements for Mr. Easley to prevail on a negligence claim under Utah law.[11] Second, Mr. Easley has also failed to designate an expert witness, which is necessary to prove causation of injury given his extensive prior medical history and multiple motor vehicle accidents.[12] Because the court grants Walmart's motion for summary judgment on the first argument, it does not address the issue relating to an expert witness following the legal standard below.

---

[4] ECF No. 28-2 at 89-91.
[5] *Id*. at 94-95.
[6] *Id.* at 94-96.
[7] *Id.* at 74-81, 111-16.
[8] ECF No. 2-1.
[9] ECF No. 2.
[10] ECF No. 28.
[11] *Id.* at 1.
[12] *Id.* at 2.

## LEGAL STANDARD

Under Fed. R. Civ. P. 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "A genuine issue of fact exists only where 'the evidence is such that a reasonable jury could return a verdict for the non-moving party.'"[13] "Thus, the relevant inquiry is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'"[14]

In evaluating a motion for summary judgment, the court "view[s] the facts in the light most favorable to the nonmovant and draw[s] all reasonable inferences in the nonmovant's favor."[15] "'The movant bears the initial burden of making a prima facie demonstration of the absence of a genuine issue of material fact and entitlement to judgment as a matter of law.'"[16] If the movant does not bear the burden of proof at trial as to the claims for which it seeks summary judgment, then the movant "may make its prima facie demonstration by pointing out to the court a lack of evidence on an essential element of the nonmovant's claim."[17]

---

[13] *Carey v. U.S. Postal Serv.*, 812 F.2d 621, 623 (10th Cir. 1987) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

[14] *Id.* (quoting *Anderson*, 477 U.S. at 251-52).

[15] *Jones v. Norton*, 809 F.3d 564, 573 (10th Cir. 2015).

[16] *Savant Homes, Inc. v. Collins*, 809 F.3d 1133, 1137 (10th Cir. 2016) (quoting *Libertarian Party of N.M. v. Herrera*, 506 F.3d 1303, 1309 (10th Cir. 2007)).

[17] *Libertarian Party of N.M.*, 506 F.3d at 1309 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)); *see also Savant Homes, Inc.*, 809 F.3d at 1137.

"If the movant meets this initial burden, the burden then shifts to the nonmovant to set forth specific facts from which a rational trier of fact could find for the nonmovant."[18] To satisfy its burden, "the nonmovant must identify facts 'by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein.'"[19] "These facts must establish, at a minimum, an inference of the presence of each element essential to the case."[20] Entry of summary judgment is required,

> after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is entitled to a judgment as a matter of law because the nonmoving party has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof.[21]

## ANALYSIS

**I.   Mr. Easley Fails to Carry His Burden of Production to Survive Summary Judgment.**

Mr. Easley fails to carry his burden of production to survive summary judgment because he has not provided any facts showing that Walmart was aware of the temporary hazard. In slip-and-fall cases that present a temporary hazard (e.g., a wet floor), Utah law imposes upon a plaintiff the burden of showing that the defendant business had: (1) either actual or constructive

---

[18] *Libertarian Party of N.M.*, 506 F.3d at 1309 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)); *see also Savant Homes, Inc.*, 809 F.3d at 1137.

[19] *Savant Homes, Inc.*, 809 F.3d at 1137 (quoting *Libertarian Party of N.M.*, 506 F.3d at 1309).

[20] *Id.* at 1137-38 (quotations and citations omitted).

[21] *Celotex Corp.*, 477 U.S. at 322-23 (quotations omitted).

knowledge of the temporary hazard, and (2) a reasonable time to remedy the problem.[22] Mr. Easley presents no facts indicating that Walmart was actually aware of the water on the bathroom floor when he slipped and fell. Instead, he contends that Walmart should have known about the standing water. However, to carry his burden, Mr. Easley "must present evidence that would show from the condition of . . . the floor that it had been there for an[] appreciable time."[23] Mr. Easley has not presented any evidence regarding how long the water on the bathroom floor had been there or any other indicia that Walmart knew it was there. Therefore, if this case were to go to trial, a jury would have to speculate—which it is not allowed to do—as to whether Mr. Easley has carried his burden to establish constructive notice of the temporary hazard. Because Mr. Easley has not proffered any material fact that puts in dispute that Walmart was aware of the temporary hazard—much less that Walmart had a reasonable time to remedy the problem—Walmart is entitled to judgment as a matter of law.[24]

## CONCLUSION AND RECOMMENDATION

Based upon the foregoing analysis, the court HEREBY RECOMMENDS that Walmart's motion for summary judgment[25] be GRANTED and that this action be DISMISSED WITH PREJUDICE. Copies of this Report and Recommendation are being sent to all parties, who are

---

[22] *Jex v. JRA, Inc.*, 2007 UT App 249, ¶¶ 9-11, 166 P.3d 655.

[23] *Id.* at ¶ 13 (second alteration in original) (quotations and citation omitted).

[24] Because the court decides summary judgment on the issue of constructive knowledge, the court declines to address Walmart's argument about the need for expert testimony. Also, the court declines to address Mr. Easley's argument about spoliation for two reasons: (1) he cannot raise a request for relief in a response to a motion, DUCivR 7-1(a)(3); and (2) in any event, there is no evidence that Walmart has any video of his fall in the bathroom given that cameras are not legally installed therein.

[25] ECF No. 28.

hereby notified of their right to object.[26] The parties must file any objections to this Report and Recommendation within 14 days after being served with a copy of it.[27] Failure to object may constitute waiver of objections upon subsequent review.

DATED this 4th day of April 2023.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[26] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

[27] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).